

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Walter Tenesca,

                Plaintiff,

      –v–

Gemelli Restaurant Group Inc. et al.,

                Defendants.

19-cv-10976 (AJN)

MEMORANDUM
OPINON & ORDER

---

ALISON J. NATHAN, District Judge:

    On August 16, 2021, the Court ordered Plaintiff to proceed with the prosecution of this action or the Court would dismiss the action with prejudice for failure to prosecute. Dkt. No. 26. That order followed a year-long stay of the case pending a Defendant's bankruptcy proceeding, Dkt. No. 15, which, according to Plaintiff, was closed on May 26, 2021, Dkt. No. 25.[1] Before that stay, the Court ordered Plaintiff several times to file proof of service on Defendants and to seek any certificates of default against Defendants. Dkt. Nos. 8, 9, 13. Plaintiff failed to comply with these orders. Further, Plaintiff in its latest status report filed August 13, 2021, did not indicate any intention of pursuing the action. Dkt. No. 25.

    "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that

---

[1] Plaintiff did provide the Court the outcome of the bankruptcy proceeding, the case number of the proceeding, or even which of the four Defendants had faced bankruptcy. Dkt. No. 25.

failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)).

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal under Rule 41(b) for failure to prosecute is warranted.  First, this Court first ordered Plaintiff to seek a default judgment in March of 2020.  Dkt. No. 8.  Even before a Defendant entered bankruptcy proceedings, Plaintiff did not comply with the Court's orders and has not since.  Second, Plaintiff received abundant notice of the potential for dismissal with prejudice.  Plaintiff was given "one final opportunity to comply with the Court orders" on June 10, 2020, Dkt. No. 13, and was given yet another opportunity on August 16, 2021, Dkt. No. 26.  Both orders warned Plaintiff that the Court would dismiss with prejudice.  Third, Defendants have not yet made an appearance and so would experience little prejudice if the case is not dismissed.  Fourth, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the Civil Justice Reform Act, to move cases along efficiently.  The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not been communicative.  As other courts have noted, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

Finally, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice.  *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal

under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's orders given that Plaintiff has not responded to the Court's orders or otherwise communicated an intention to continue this case—even after the Court provided repeated, express warnings that Plaintiff faced dismissal. *See Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014).

The Court therefore dismisses this case with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 3, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge